JS - 6   **LINK: 20**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1526 GAF (PLAx) | Date | April 15, 2011 |
|---|---|---|---|
| Title | Maher Habashy et al v. Farmers Group Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

### ORDER RE:  PLAINTIFF'S MOTION TO REMAND

### I.  INTRODUCTION AND BACKGROUND

On August 10, 2010, Plaintiff Maher Habashy ("Plaintiff") filed this suit against Defendants Farmers Group, Inc.; Farmers Insurance Company; Truck Insurance Exchange; Farmers Insurance Group of Companies; Farmers Insurance Exchange; Fire Insurance Exchange; Mid-Century Insurance Company; Wendy Cochran; Jason Kelly; John Gonzalez; David Ehrlich; Sandy Gomez; Robert Woudstra; Paul Norman Hopkins; and Does 1 through 200 (collectively, "Defendants") in Los Angeles County Superior Court.  (Docket No. 1., Not. of Removal ¶ 1 & Ex. 1 at 18 [Compl.].)  On January 21, 2011, Plaintiff filed and served on Defendants a First Amended Complaint.  (Not. ¶ 3 & Ex. 30 [First Am. Compl. ("FAC")].)  Defendants then removed the case to this Court on February 18, 2011, on the basis of federal question jurisdiction.  (Docket No. 1, Not.)

Plaintiff alleges that he began working for Farmers in the mid-1980's, and that he has been a dedicated and conscientious employee.  (FAC ¶ 1.)  According to the complaint, Farmers terminated him in December 2009 without cause on the basis of his age and Egyptian national origin, and because he had objected to the company's illegal claims practices and wage and hour violations.  (Id. ¶¶ 1, 5, 131.)

As is relevant to this motion to remand, Plaintiff's FAC contains allegation that his termination was based on, and resulted in, the wrongful denial of employee benefits.  For example, the FAC alleges that Plaintiff's termination "was designed to allow Farmers to avoid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1526 GAF (PLAx) | Date | April 15, 2011 |
|---|---|---|---|
| Title | Maher Habashy et al v. Farmers Group Inc et al | | |

paying Plaintiff benefits." (Id. ¶ 125.) Plaintiff alleges that Farmers had an "institutional policy of trying to 'rid itself' of employees 50 years or older, prompted by Farmers['] objective to avoid paying pensions and other benefits tied to age." (Id. ¶ 65.) According to the FAC, "[t]he fact that certain [health] benefits would become effective on January 1, 2010 was one of the many illegal reasons Farmers terminated Plaintiff effective December 14, 2009." (Id. ¶ 113.)

On the basis of these and other allegations, Plaintiff asserts fifteen state-law causes of action. (Id. ¶¶ 161–256.) Some of these causes of action are explicitly based in part on the denial of benefits. First, Plaintiff alleges that Farmers breached an employment contract that provided, among other things, that "Plaintiff would receive benefits, including, but not limited to profit sharing, pension, health insurance, the option of 'early retirement,' and various other benefits." (Id. ¶ 162(O).) According to the complaint, Farmers terminated Plaintiff "immediately prior to receipt of various benefits," "attempted to terminate [him] so as to cause him and his family to lose health insurance benefits," and "attempted to terminate Plaintiff to cause him to lose his pension and the option of early retirement." (Id. ¶ 165(I), (L), (M).)

Second, Plaintiff alleges that Farmers breached its fiduciary duty by, among other things, "purposefully [] terminat[ing] Plaintiff immediately prior to receipt of various benefits," "attempt[ing] to terminate Plaintiff so as to cause him and his family to lose health insurance benefits," "attempt[ing] to terminate Plaintiff to cause him to lose his pension and the option of early retirement," and "terminat[ing] Plaintiff in order for him to lose important rights and benefits, including the 20% increase in pension benefits." (Id. ¶¶ 170(I), (L), (M), 171(K).)

Third, Plaintiff asserts a cause of action for fraud based in part on Farmers' alleged misrepresentation that it "would not prematurely and in bad faith terminate Plaintiff in order to avoid paying benefits that were linked to his time with Farmers." (Id. ¶ 176(D).) Plaintiff also asserts other causes of action, including a claim for wrongful termination in violation of public policy. (Id. ¶¶ 225–29.)

On the basis of these allegations, which Defendants contend were included for the first time in Plaintiff's FAC, Defendants concluded that Plaintiff's claims were completely preempted by the Employee Retirement Income Security Act (ERISA). (Not. ¶¶ 7, 11–12.) Because claims that are completely preempted by ERISA arise under federal law, Defendants concluded that the FAC presented a federal question over which this Court has jurisdiction and accordingly removed the case to this Court. (Id. ¶¶ 11–12.) Plaintiff now moves to remand the case to state court. (Docket No. 20.)

**II. DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1526 GAF (PLAx) | Date | April 15, 2011 |
|---|---|---|---|
| Title | Maher Habashy et al v. Farmers Group Inc et al | | |

### A. STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. See 28 U.S.C. § 1441(a).

### B. APPLICATION

Plaintiff contends that the Court should remand this case for three reasons: (1) this Court lacks subject matter jurisdiction because the case is not completely preempted by ERISA and thus presents no federal question; (2) even if this Court does have subject matter jurisdiction, Defendants did not timely remove; (3) even if this Court does have subject matter jurisdiction, the Court should exercise its discretion to remand the case because state claims clearly predominate; and (4) even if his claims are completely preempted by ERISA, Plaintiff agrees to "dismiss any damage claim allegedly triggering ERISA." (Mem. at 5–7.)

#### 1. SUBJECT MATTER JURISDICTION

Defendants contend that this Court has federal question jurisdiction over this case under 28 U.S.C. § 1331(a). In general, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Hansen v. Blue Cross of Cal., 891 F.2d 1384, 1386 (9th Cir. 1989). Where, however, a state-law cause of action is "completely preempted by § 502(a) of ERISA," it also is deemed to arise under federal law such that federal courts have jurisdiction over it. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009). Under the doctrine of complete preemption, federal courts have exclusive jurisdiction "in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." Id. at 945 (internal quotations omitted). Section 502(a) of ERISA represents such an instance, as that provision "reflect[s] Congress's intent to 'so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987)). With that provision, "Congress 'clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.'" Id. (quoting Metro. Life, 481 U.S. at 66). Thus, "[i]f a complaint alleges only state-law claims, and if these claims are entirely

JS - 6      LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1526 GAF (PLAx) | Date | April 15, 2011 |
|---|---|---|---|
| Title | Maher Habashy et al v. Farmers Group Inc et al | | |

encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metro. Life, 481 U.S. at 65–66). "If state-law causes of action come within the scope of § 502(a)[], those causes of action are completely preempted, and the only possible cause of action is under § 502(a)[]." Id. at 946. In those circumstances, federal courts have federal question jurisdiction. Id.

The Supreme Court has held that a state-law claim for wrongful discharge to prevent attainment of benefits under an ERISA benefits plan falls within the § 502(a) enforcement scheme. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 136, 142–43 (1990). The Court explained that such a claim "falls squarely within the ambit of ERISA § 510, which provides:

> 'It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .' 29 U.S.C. § 1140 (emphasis added)."

Ingersoll-Rand, 498 U.S. at 142–43. Section 502(a), in turn, provides that:

> A civil action may be brought — . . .
> (3) by a participant . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Id. at 143 (quoting 29 U.S.C. § 1132(a)(3)). Section 502(e) further provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under" that provision. Id. (quoting 29 U.S.C. § 1132(e)) (emphasis added by Ingersoll-Rand). The Court concluded that the "comprehensive civil enforcement scheme" in these provisions showed that "Congress did not intend to authorize other remedies." Id. at 144 (emphasis in original). The Court concluded that the right guaranteed by § 510 could only be enforced by § 502(a). Id. at 145. Thus, the claim for wrongful discharge for the purpose of preventing the attainment of benefits was completely preempted. Id.

The Court concludes that, like the plaintiff in Ingersoll-Rand, Plaintiff here has asserted a cause of action that falls within the scope of § 510, and thus within the scope of § 502(a). Plaintiff argues that he has only alleged that Defendants' wrongful actions resulted in the denial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1526 GAF (PLAx) | Date | April 15, 2011 |
|---|---|---|---|
| Title | Maher Habashy et al v. Farmers Group Inc et al | | |

of benefits, and that such allegations do not give rise to complete preemption. To be sure, "no ERISA cause of action lies when the loss of pension benefits was a mere consequence of, but not a motivating factor behind, the termination of benefits." Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404 (9th Cir. 1988) (internal alterations and quotations omitted). Plaintiff, however, has alleged that the loss of benefits was a motivating factor behind his termination. For example, he alleges that his termination "was designed to allow Farmers to avoid paying Plaintiff benefits," that Farmers had an "institutional policy of trying to 'rid itself' of employees 50 years or older, prompted by Farmers['] objective to avoid paying pensions and other benefits tied to age," and that "[t]he fact that certain [health] benefits would become effective on January 1, 2010 was one of the many illegal reasons Farmers terminated Plaintiff effective December 14, 2009." (FAC ¶¶ 125, 65, 113.) Plaintiff asserts various causes of actions based on these allegations, including a cause of action for wrongful termination in violation of public policy. (FAC ¶¶ 225–29.) This falls squarely within Ingersoll-Rand's holding, and the Court accordingly concludes that Plaintiff has asserted claims that are completely preempted by § 502(a) of ERISA. Because the claims are completely preempted, this Court has subject matter jurisdiction.

### 2. TIMELINESS OF REMOVAL

Plaintiff next contends that, even if his claims are completely preempted by ERISA such that this Court has federal question jurisdiction, Defendants' removal was untimely. Under § 1446(b), a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Plaintiff contends that, if his FAC asserted completely preempted claims, so too did his initial complaint. Thus, Defendants should have removed the case within thirty days of receipt of the initial pleading, in October 2010.

The Court agrees. Plaintiff identifies three allegations in his initial complaint that he contends gave rise to complete preemption under ERISA. Two of those allegations—paragraphs 26(C) and 26(D)—do not, as they merely allege that the loss of benefits was a "consequence of, but not a motivating factor behind," his termination. See Ethridge, 861 F.2d at 1404. The third allegation, however, does give rise to complete preemption: In connection with his claim for retaliation and harassment under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1526 GAF (PLAx) | Date | April 15, 2011 |
|---|---|---|---|
| Title | Maher Habashy et al v. Farmers Group Inc et al | | |

California Fair Employment and Housing Act ("FEHA"), Plaintiff alleged that he was discriminated against due to his age and that "defendants specifically and at an institutional level targeted employees who were age 50 or above for various reasons, including but not limited to the fact that defendants could hire younger and less experienced individuals at a much lower package of compensation and benefits." (Compl. ¶ 37(A).) This amounts to a claim that preventing the attainment of employee benefits motivated his dismissal. Although Defendants characterize this as a "stray comment" (Opp. at 7), it is nonetheless an allegation that Defendants discriminated on the basis of his age in order to avoid paying higher benefits. Moreover, particularly in light of the references to his pension benefits and health insurance benefits elsewhere in the complaint (Compl. ¶¶ 26(C), 26(D)), Defendants were on notice that the "benefits" referred to employee benefits covered by ERISA.

Defendants contend that these allegations could not give rise to complete ERISA preemption because they were asserted in connection with a FEHA claim, which the Ninth Circuit has held is not preempted by ERISA. (Opp. at 7.) This argument misses the mark. The Circuit has held that ERISA's express preemption provision—which invalidates state laws that "relate to any employee benefit plan," 29 U.S.C. § 1144(b)—does not preempt claims under FEHA, which "merely prohibit[s] employers from discriminating against employees on the basis of age, race, sex, or religion." Lane v. Goren, 743 F.2d 1337, 1340 (9th Cir. 1984). Express preemption is distinct from complete preemption. See Marin, 581 F.3d at 945. Defendants have not cited any authority suggesting that a claim under FEHA cannot fall under the § 502(a) enforcement scheme and thus be completely preempted. Indeed, because such a claim could be brought as a § 502(a) claim to the extent it alleges discrimination on the basis of benefits related to age, it is completely preempted.

Thus, Plaintiff's initial complaint, like his FAC, contained at least one cause of action completely preempted by ERISA § 502(a). Thus, the initial complaint was removable when filed. Defendants were therefore required to remove the action within thirty days of receipt of that initial pleading. 28 U.S.C. § 1446(b). Because they did not, their removal was untimely, and Plaintiff's motion to remand is **GRANTED**.

### III. CONCLUSION

JS - 6     **LINK: 20**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1526 GAF (PLAx) | Date | April 15, 2011 |
|---|---|---|---|

| Title | Maher Habashy et al v. Farmers Group Inc et al |
|---|---|

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** and the case is **REMANDED** to the Los Angeles County Superior Court. The hearing on Plaintiff's motion currently scheduled for April 25, 2011, is hereby **VACATED**.

**IT IS SO ORDERED.**